IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SARAH COSMETICS, INC., | § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. _____ |
| CLINIQUE LABORATORIES, LLC, | § § | |
| Defendants. | § § § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff Sarah Cosmetics, Inc. ("Plaintiff" or "Sarah"), brings this Complaint against Defendant Clinique Laboratories, LLC ("Defendant"), and would show the Court as follows:

## I.
## SUMMARY OF DISPUTE

This is a trademark infringement and unfair competition lawsuit. Since 1984, Sarah Cosmetics, Inc. has continuously used, marketed, and sold its trademarked "Shy" lipstick. Despite this consistent use, Defendant has infringed upon, diluted, and counterfeited Sarah's trademarks and unfairly competed with Sarah by marketing and selling Shy lipsticks and blush. As a result, Sarah brings this lawsuit.

## II.
## PARTIES

1.  Sarah Cosmetics, Inc. is a Texas corporation with its principal place of business located at 505 N. Bowser, Richardson, Texas 75081.

2. Clinique Laboratories, LLC is a Delaware corporation with its principal place of business located at 757 Fifth Avenue, New York, New York 10153. Clinique conducts business in the State of Texas but does not maintain in Texas a regular place of business or any agency for service of process. As such, it may be served through the Texas Secretary of State in accordance with Texas Civil Practice and Remedies Code Section 17.044, which requires that duplicate citations be issued to the Secretary of State for service of Defendant through its registered agent in Delaware, Corporation Service Company, at 2711 Centerville Road, Suite 400, Wilmington, Delaware, 19808.

### III.
### JURISDICTION & VENUE

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. Sections 1338(a) and 1388(b) (trademark and unfair competition), 28 U.S.C. Section 1331 (federal question), and 15 U.S.C. Section 1121 (Lanham Act). This Court has supplemental jurisdiction over the remaining state law claims under 28 U.S.C. Section 1367.

4. This Court has personal jurisdiction over Defendant because it has such minimum contacts with the State of Texas that "the maintenance of this suit does not offend traditional notions of fair play and substantial justice."

5. Venue is properly founded in this district pursuant to 28 U.S.C. Section 1391(b), (c), and (d) in that a substantial part of the events giving rise to Sarah's claims occurred in this judicial district.

## IV.
## FACTUAL BACKGROUND

### A. Sarah's Trademarks

6. Sarah is engaged in the manufacture, distribution and sale in interstate and foreign commerce of cosmetics, including lipstick and blush. This merchandise is sold throughout the United States in a variety of retail outlets, online, and at trade shows.

7. Sarah's cosmetics line is called "Shy." Since 1984, Sarah has exclusively and continuously used in commerce the "Shy" trademark in the United States and around the world by advertising, offering for sale, and selling "Shy" lipstick and blush. As a result of Sarah's exclusive and extensive use and promotion of the "Shy" trademark, the mark has acquired value and recognition as a cosmetics mark in the United States and throughout the world.

8. Sarah Aloe Essence Cosmetics & Accessories, Inc. ("Sarah Aloe") initially registered "Shy" as a trademark in the cosmetics and cleaning preparations class with the Texas Secretary of State's Office, which registration began on July 27, 1984 and continued until July 27, 2004. Subsequently, Sarah Aloe sold 100% of its business and related assets to Sarah, including Sarah Aloe's interest in the "Shy" trademark. Since that transfer, Sarah has been the exclusive owner and holder of all interests previously held by Sarah Aloe. Sarah and Sarah Aloe are related entities and, during Sarah Aloe's operation, enjoyed common ownership and management.

9. On February 7, 2011, the "Shy" trademark was entered on the Principal Register of the United States Patent and Trademark Office as registered trademark number 4,019,346. (A true and correct copy of this registration is attached hereto as **Exhibit A** and incorporated by reference.) This registration is valid and subsisting and is in full force and effect.

10.     In accordance with Sections 7(b), 22, and 33(a) of the Lanham Act, this trademark registration constitutes *prima facie* evidence of (a) the validity of the registered mark, (b) Sarah's ownership of the mark shown in the registration, and (c) Sarah's exclusive right to use the mark in commerce on or in connection with the services name therein.

11.     Since the issuance of the registrations for its trademarks, Sarah has given notice that the marks are registered, pursuant to 15 U.S.C. Section 1111, by displaying the registration symbol "®" and/or "TM."

12.     In addition, since 1984, Sarah has exclusively and continuously included the drawing of a distinctive green aloe leaf on all of its lipsticks, blush, and packaging for the same (hereinafter "Aloe Leaf Design").

**B. Sarah's Use of Its Trademarks**

13.     Since 1984, Sarah has spent substantial time and money advertising and promoting its "Shy" cosmetics line. Sarah advertises and promotes its products both in the United States and overseas through print advertisements, online marketing, and promotions at trade shows, among others. Specifically, Sarah advertises the "Shy" lipstick and blush in a variety of periodicals, including US Weekly. In addition, Sarah operates a website www.sarahcosmetics.com, which has been continuously active since November 7, 1999.

14.     Sarah prominently features the "Shy" mark on lipstick tubes, blush cases, displays and packaging for its lipsticks and blush, and advertisements for the same.

15.     Regarding the green Aloe Leaf Design, Sarah has continuously and conspicuously featured it on displays, packaging for lipsticks and blush, and in advertisements. Also, the Aloe Leaf Design is and has historically been included on the tubes and cases of Sarah's "Shy" lipsticks and blush.

Case 3:13-cv-01362-M   Document 1   Filed 04/02/13   Page 5 of 15   PageID 5

16. As a result of the foregoing efforts by Sarah, "Shy" lipsticks and blush and the Aloe Leaf Design have gained widespread recognition and goodwill.

### C. Defendant's Infringement

17. Beginning at some time in the past and continuing until the present, Defendant, with actual or constructive knowledge of Sarah's federal and common law trademarks, has manufactured or arranged for the manufacture for sale in the United States, promoted, and sold lipstick and blush, which substantially infringes upon Sarah's trademark. Specifically, Defendant manufactures, sources, markets, and/or sells lipstick and blush that include the name "Shy" in the title of the product as well as on the packaging for and tube or cases of the same. Defendant also manufactures, markets, and sells cosmetics in packaging that is adorned with depictions of green aloe leaves, which constitute an imitation, reproduction, copy, adaptation and/or derivative similar to Sarah's Aloe Leaf Design.

18. On information and belief, Defendant has obtained and continues to obtain substantial profits from the manufacture, marketing, and sale of infringing lipsticks and blush as well as from cosmetics in packaging that includes adornments of green aloe leaves that are substantially similar to Sarah's Aloe Leaf Design. Specifically, Defendant's lipsticks, blush and other cosmetics are being marketed and sold online, in high-end department, stores, in specialty cosmetic stores, and in other retail stores.

19. Defendant's actions have and will cause Sarah irreparable harm for which money damages and other remedies are inadequate. Unless Defendant is restrained by this Court, Defendants will continue and/or expand the illegal activities alleged in this Complaint and otherwise continue to cause great and irreparable damage and injury to Sarah through the following:

PLAINTIFF'S ORIGINAL COMPLAINT                                                                                                    Page 5

a. Depriving Sarah of its statutory rights to use and control its trademarks;

b. Creating a likelihood of confusion, mistake, and deception among consumers and the trade as to the source of the infringing lipsticks;

c. Causing the public falsely to associate Sarah with Defendant or vice versa;

d. Causing incalculable and irreparable damage to Sarah's goodwill and dilution of the value of its trademarks; and

e. Causing Sarah to lose sales of its lipstick and blush products.

20. Unless Defendant is restrained from the acts complained of, Sarah and the public will suffer irreparable harm, for which Sarah has no adequate remedy at law. Accordingly, in addition to other relief sought, including damages, Sarah is entitled to preliminary and permanent injunctive relief against Defendant and all persons acting in concert with it.

## V.
## CAUSES OF ACTION

### A. Count I – Federal Trademark Infringement (15 U.S.C. § 1114-1117; Lanham Act Section 32)

21. Sarah reasserts the allegations contained in the above paragraphs as if fully set forth herein.

22. Without Sarah's consent, Defendant has used, in connection with the sale, offering for sale, distribution or advertising of Defendant's goods, designs which infringe upon Sarah's registered trademark.

23. These acts of infringement have been committed with the intent to cause confusion, to cause mistake or to deceive, and are in violation of 15 U.S.C. Section 1114.28.

24. As a direct and proximate result of Defendant's infringing activities as alleged herein, Sarah has suffered substantial damage.

25. Based upon information and belief, Defendant will continue its acts of unfair

competition unless enjoined by this Court. Pursuant to 15 U.S.C. Section 1116, Sarah seeks preliminary and permanent injunctions against further acts of unfair competition by Defendant.

26. Defendant's acts of infringement have caused great harm and damage to Sarah. The amount of these damages is not yet determined. Pursuant to 15 U.S.C. Section 1117(a), Sarah is entitled to and seeks actual damages, Defendant's profits, and costs of this action and such additional relief as may be deemed appropriate and awarded by this Court. Defendant's conduct was exceptional and intentional and, as such, Sarah is entitled to treble its actual damages pursuant to 15 U.S.C. Section 117(b).

27. On information and belief, Defendant's infringement has been and continues to be deliberate and willful and warrant an award of enhanced damages. As such, Sarah is entitled to and seeks a finding that this case is exceptional and warrants an award of attorneys' fees pursuant to 15 U.S.C. Section 1117(a).

**B. Count II – Federal Unfair Competition (False Designation of Origin and False Description) (15 U.S.C § 1125; Lanham Act Section 43(a))**

28. Sarah reasserts the allegations contained in the above paragraphs as if fully set forth herein.

29. Defendant's conduct constitutes the use of words, terms, names, symbols or devices tending falsely to describe its infringing products, within the meaning of 15 U.S.C. Section 1125(a)(1). Defendant's conduct is likely to cause confusion, mistake or deception by or in the public as to the affiliation, connection, association, origin, sponsorship, or approval of the infringing products to the detriment of Sarah and in violation of 15 U.S.C Section 1125(a)(1).

30. As a direct and proximate result of Defendant's activities as alleged herein, Sarah has suffered substantial damage.

31. Based upon information and belief, Defendant will continue its acts of unfair competition unless enjoined by this Court. Pursuant to 15 U.S.C. Section 1116, Sarah seeks preliminary and permanent injunctions against further acts of unfair competition by Defendant.

32. Defendant's acts of unfair competition and false designation of origin have caused great harm and damage to Sarah. The amount of these damages is not yet determined. Pursuant to 15 U.S.C. Section 1117(a), Sarah is entitled to and seeks actual damages, Defendant's profits, and costs of this action and such additional relief as may be deemed appropriate and awarded by this Court. Defendant's conduct was exceptional and intentional and, as such, Sarah is entitled to treble its actual damages pursuant to 15 U.S.C. Section 117(b).

33. On information and belief, Defendant's acts of unfair competition and false designation of origin have been and continue to be deliberate and willful and warrant an award of enhanced damages. As such, Sarah is entitled to and seeks a finding that this case is exceptional and warrants an award of attorneys' fees pursuant to 15 U.S.C. Section 1117(a).

**C. Count III – Trademark Counterfeiting (Under 15 U.S.C. §1114)**

34. Sarah reasserts the allegations contained in the above paragraphs as if fully set forth herein.

35. Defendant's use of Sarah's "Shy" trademark and of aloe leaf-type packaging for its cosmetics, including lipstick and blush, constitutes an imitation, reproduction, copy, adaptation and/or derivative of the Sarah Aloe Leaf Design without Sarah's consent. As such, Defendant committed trademark counterfeiting in violation of 15 U.S.C. Section 1114. These acts of counterfeiting have been committed with the intent to cause confusion, to cause mistake, or to deceive and are in violation of 15 U.S.C. Section 1114. On information and belief, Defendant's acts of counterfeiting have been and continue to be deliberate and willful and, as

such, warrant an award of enhanced damages.

36. As a direct and proximate result of Defendant's counterfeiting activities as alleged herein, Sarah has suffered substantial damage.

37. Based upon information and belief, Defendant will continue its acts of counterfeiting unless enjoined by this Court. Pursuant to 15 U.S.C. Section 1116, Sarah seeks preliminary and permanent injunctions against further acts of infringement by Defendant.

38. Defendant's acts of infringement have caused great harm and damage to Sarah. The amount of these damages is not yet determined. Pursuant to 15 U.S.C. Section 1117(a), Sarah is entitled to and seeks actual damages, Defendant's profits, and costs of this action and such additional relief as may be deemed appropriate and awarded by this Court. Defendant's conduct was exceptional and intentional and, as such, Sarah is entitled to treble its actual damages pursuant to 15 U.S.C. Section 1117(b) as well as attorney's fees.

39. In the alternative, since Defendant acted willfully in committing these acts, Sarah seeks statutory damages, in lieu of actual damages and provides, in the amount of $1,000 to $200,000 for each counterfeit mark or $2,000,000 per counterfeit mark per type of good.

**D. Count IV – Dilution (Federal Trademark Dilution Act of 1995) (15 U.S.C. § 1125(c); Lanham Act 43(a))**

40. Sarah reasserts the allegations contained in the above paragraphs as if fully set forth herein.

41. Sarah's marks are distinctive and famous within the meaning of 15 U.S.C. Section 1125(c).

42. Defendant's activities as alleged herein cause and/or are likely to cause dilution of the distinctive quality of Sarah's trademarks in violation 15 U.S.C. Section 1125(c)

43. Sarah is entitled to injunctive relief pursuant to 15 U.S.C. Section 1125(c).

44. Because Defendant willfully intended to trade on Sarah's reputation or to cause dilution of Sarah's famous marks, Sarah is entitled to damages, extraordinary damages, fees, and costs pursuant to 15 U.S.C. Section 1125(c)(2).

### E. Count V – Texas Trademark Infringement and Dilution (Tex. Bus. & Comm. Code §§ 16.26, 16.29)

45. Sarah reasserts the allegations contained in the above paragraphs as if fully set forth herein.

46. Defendant's intentional and blatant infringement of Sarah's federally and state registered trademarks constitute infringement and dilution under Texas Business and Commerce Code Sections 16.26 and 16.29.

47. Defendant infringed Sarah's trademarks with knowledge and intent to cause confusion, mistake or to deceive.

48. As a result of Defendant's acts, Sarah has suffered actual damages. The amount of these damages is not yet determined. Sarah seeks actual damages, Defendant's profits, and such additional relief as may be deemed appropriate and awarded by this Court. In addition, since Defendant acted with actual knowledge of the registered mark and/or acted in bad faith, Sarah is entitled to treble damages and attorney's fees.

49. Defendant's conduct is aggravated by that kind of willfulness, wantonness and malice for which Texas law allows the imposition of exemplary damages. That is, Defendant had the specific intent to cause substantial injury or harm to Sarah.

50. Alternatively, Defendant was grossly negligent in that Defendant's actions when viewed objectively from the standpoint of the Defendant at the time of its occurrence, involved

an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and of which the Defendant had actual, subjective awareness of the risk involved but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others.

51. As a direct and proximate result of Defendant's conduct, pursuant to Texas Business and Commerce Code Section 16.26(c), Sarah is entitled to injunctive relief and damages in the amount of two times the amount of economic damages suffered by Sarah by reason of Defendant's manufacture, use, display, or sale of infringing products.

### F. Count VI – Common Law Trademark Infringement

52. Sarah reasserts the allegations contained in the above paragraphs as if fully set forth herein.

53. The aforementioned acts of Defendant constitute trademark infringement in violation of the common law of the State of Texas.

54. Defendant's acts further constitute a malicious, fraudulent, or grossly negligent attempt to profit from Sarah's mark in violation of its trademark rights.

55. Defendant's use of Sarah's marks is likely to cause and has caused confusion as to the source of origin of the services to the detriment of and resulting in damages to Sarah.

56. Defendant's acts of common law trademark infringement have caused great harm and damage to Sarah. The amount of these damages is not yet determined. Sarah seeks actual damages, exemplary damages, and such additional relief as may be deemed appropriate and awarded by this Court.

57. Based upon information and belief, Defendant will continue its willful acts of trademark infringement unless enjoined by this Court. Sarah seeks preliminary and permanent injunctions against further acts of unfair competition by Defendant.

G. **Count VII – Common Law Unfair Competition**

58. Sarah reasserts the allegations contained in the above paragraphs as if fully set forth herein.

59. Defendant's activities, as alleged above, constitute unfair competition.

60. Defendant's use of Sarah's marks is likely to cause confusion, to cause mistake, or to deceive the relevant consuming public as to the source of the goods or the affiliation, connection, or association of Defendant with Sarah in violation of Texas common law prohibiting unfair competition.

61. Based upon information and belief, Defendant will continue its willful acts of unfair competition unless enjoined by this Court. Sarah seeks preliminary and permanent injunctions against further acts of unfair competition by Defendant.

## VI.
## JURY DEMAND

62. Sarah Cosmetics hereby demands a trial by jury.

## VII.
## PRAYER

As a result of the foregoing acts of Defendant, Sarah Cosmetics, Inc. has suffered the damages as follows and prays that this Court grant it the following relief:

1. Order that Sarah Cosmetics, Inc.'s trademark has been infringed by Defendant in violation of Sarah's rights under the common law, 15 U.S.C. Section 1114, and/or under Texas law;

2. Order that Defendant have competed unfairly with Sarah Cosmetics, Inc. in violation of Sarah Cosmetic, Inc.'s rights under common law, 15 U.S.C. Section 1125(a), and/or under Texas law;

3. Order that Sarah Cosmetics, Inc.'s trademark has been counterfeited by Defendant in violation of Sarah's rights under the common law, 15 U.S.C. Section 1114, and/or under Texas law;

4. Order that Defendant, and each of its agents, employees, attorneys, successors, assigns, affiliates, joint venturers, and any person(s) in active concert or participation with any of them, and/or any person(s) acting for, with, by, through or under any of them, be enjoined and restrained, immediately without notice to Defendant and preliminarily, during the pendency of this action and thereafter permanently:

   a. From manufacturing, producing, selling, offering for sale, distributing, advertising, or promoting any goods that use any words or symbols which so resemble Sarah Cosmetics, Inc.'s trademarks as to be likely to cause confusion, mistake or deception, on or in connection with any product which is not authorized by or for Sarah Cosmetics, Inc., including, without limitation, any product that bears the "Shy" name;

   b. From using any word, term, name, symbol, or combination thereof which causes or is likely to cause confusion, mistake or deception as to the affiliation or association of Defendant or its goods with Sarah Cosmetics, Inc. or as to the origin of Defendant's goods, or any false designation of origin, false or misleading description or representation of fact;

   c. From further infringing the rights of Sarah Cosmetics, Inc. in and to any of its trademarks in its "Shy" brand products, or otherwise damaging Sarah Cosmetics, Inc.'s goodwill or business reputation;

   d. From otherwise competing unfairly with Sarah Cosmetics, Inc. in any manner; and

   e. From continuing to perform in any manner whatsoever any of the other acts complained of in this Complaint.

5. Order that Sarah Cosmetics, Inc. recover from Defendant its actual damages and lost profits in an amount to be proven at trial, that Defendant be required to account for any profits that are attributable to its illegal acts, and that Sarah Cosmetic, Inc. be awarded the greater of either (1) three times Defendant's profits or (2) three times any damages sustained by Sarah Cosmetic, Inc., under 15 U.S.C. § 1117, plus prejudgment interest;

6. Impose a constructive trust on all Defendant's funds and assets that arise out of Defendant's infringing activities;

7. Order that Defendant be required to pay Sarah Cosmetics, Inc. punitive damages for its oppression, fraud, malice and gross negligence;

8. Order that Sarah Cosmetics, Inc. be awarded its costs and disbursements incurred in connection with this action, including Sarah's reasonable attorney's fees and investigative expenses; and

9. Order that all such other relief be awarded to Sarah Cosmetics, Inc. as this Court deems just and proper.

Respectfully submitted,

**CHERRY PETERSEN LANDRY ALBERT LLP**

By: /s/ Craig A. Albert
     Craig A. Albert
     Texas Bar No. 00790076
     Sarah J. Shadonix
     Texas Bar No. 24056392

Campbell Centre Tower I
8350 North Central Expressway, Suite 1500
Dallas, Texas   75206
Telephone:  214.265.7007
Facsimile:   214.265.7008

**ATTORNEYS FOR PLAINTIFF SARAH COSMETICS, INC.**